```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHANNAN NUSSBAUM,

                    Plaintiff,           MEMORANDUM & ORDER
                                         09-CV-2025(JS)(ETB)
         - against –

SPIDER, INC., and PAUL WHITE,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Daniel Hirschel, Esq.
                    30 South Central Avenue
                    Valley Stream, NY 11580

For Defendant:
Paul White          Paul White, Pro Se
                    150 Broad Hollow Road, Suite 310
                    Melville, NY 11747
```

SEYBERT, District Judge:

Pending before the Court is Channan Nussbaum's ("Nussbaum" or "Plaintiff") motion for reconsideration of the Court's Order, dated August 24, 2009 ("August Order"), in which this Court, sua sponte, consolidated this case with White v. Nussbaum, No. 09-CV-2026. Plaintiff seeks an Order "remand[ing] the claim of Plaintiff Channan Nussbaum against Spider Inc. ("Spider") and Paul White ("White") back to the Supreme Court of the State of New York, County of Suffolk, . . . and vacat[ing] the Notice of Removal filed by Defendants." (Pl.'s Mem. in Support 1.) For the reasons that follow, Plaintiff's motion is GRANTED.

BACKGROUND

On May 21, 2002, Nussbaum filed a Complaint in the Supreme Court of the State of New York, County of Suffolk, against

Spider and White, alleging various state law claims, including breach of contract. Nussbaum's Complaint maintains that Spider and White did not compensate him for his work as a software developer in accordance with the terms of their written agreement.

On May 13, 2009, White filed a Notice of Removal pursuant to 28 U.S.C. § 1446(a), maintaining that removal is appropriate because the action involves a federal question arising under the United States Copyright Act, 17 U.S.C. § 101. On the same day, White filed a Complaint as a Plaintiff, pro se, in this Court against Nussbaum, alleging breach of contract and unjust enrichment claims. (09-CV-2026). White contends that Nussbaum breached the parties' written agreement by refusing to repair a software program and by releasing the software program to third parties. On June 12, 2009, Nussbaum filed a motion to remand the earlier-filed action to the state court. Subsequently, the Court issued its August Order, stating that the cases should be consolidated "in the interests of judicial economy" because "the two Complaints concern common parties, as well as common questions of law and fact. Both Complaints allege breach of contract claims relating to the written agreement between Nussbaum, White, and Spider." (August Order 4.) On September 3, 2009, Nussbaum filed his motion for reconsideration. Both the motion for remand and the motion for reconsideration are unopposed.

## DISCUSSION

I. <u>Legal Standard</u>

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3.  See <u>Wilson v. Pessah</u>, No. 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, at *4 (E.D.N.Y. March 14, 2007).  Rule 59(e) permits a moving party to file a motion for reconsideration when it believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision.  <u>Shamis v. Ambassador Factors Corp.</u>, 187 F.R.D. 148, 151, (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion.  See <u>United States v. Gross</u>, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.").  Nor is it proper to raise new arguments and issues.  See <u>Lehmuller v. Inc. Vill. of Sag Harbor</u>, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).  Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court.  <u>Wechsler v. Hunt Health Sys.</u>, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, <u>inter alia</u>, mistakes, inadvertence, excusable neglect, newly discovered evidence, and

3

fraud. Fed. R. Civ. P. 60(b). Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

II. Nussbaum's Argument

In this case, Nussbaum brings his motion for reconsideration based on Rule 59(e), arguing that the Court should remand the earlier-filed action to the state court. In support of his argument, Nussbaum cites 28 U.S.C. § 1446. Section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a

4

> copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(a)-(b). Section 1447(c) outlines the procedure after removal:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

In this case, Nussbaum moved within the required time under Section 1447. However, based on the evidence before the Court, it appears that White's removal of the earlier-filed case was improper under Section 1446. Accordingly, Nussbaum v. White, No. 09-CV-2025 should be remanded to the state court.

## CONCLUSION

For the foregoing reasons, Nussbaum's motions for reconsideration and remand are GRANTED. Accordingly, Nussbaum v. White, No. 09-CV-2025 is remanded to the Supreme Court of the State

of New York, County of Suffolk.  The Court's August Order is vacated, and the Clerk of the Court is directed to terminate all pending motions and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October 30, 2009
         Central Islip, New York